```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PATRICIA ENTERLINE,

                  Plaintiff,

vs.                                Case No.   2:08-cv-221-JES-DNF

SEARS, ROEBUCK AND CO.,

                  Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff Patricia Enterline's Motion for Remand to State Court (Doc. #6), filed on March 21, 2008.  Defendant Sears, Roebuck and Co. filed a Memorandum of Law in Opposition (Doc. #14) on April 4, 2008. Plaintiff argues that the Notice of Removal was untimely, and therefore that the case must be remanded to state court.  The Court finds otherwise.

**I.**

On December 12, 2005, plaintiff slipped and fell while visiting the premises of defendant's store in Cape Coral, Florida. (Doc. #2, ¶5.)  On February 5, 2007, plaintiff made a pre-suit settlement demand for $725,000 (Doc. #6, p. 1), which was not accepted.

On July 17, 2007, plaintiff filed a Complaint (Doc. #2) in state circuit court in the Twentieth Judicial Circuit in and for Lee County, Florida.  The Complaint alleges that defendant

"negligently fail[ed] to . . . adequately maintain the [store's] walkway," thus creating a "hazardous" and "unreasonably dangerous" condition for members of the public using the walkway, including plaintiff. (Id. at ¶7.) Defendant allegedly failed to inspect the walkway or to warn plaintiff about a broken wooden pallet in the walkway. (Id.) Plaintiff further alleges that "her pant leg caught on the broken plank of the wooden pallet," causing her to fall, sustain injuries and incur expenses in excess of $15,000, the jurisdictional amount for state circuit court. (Id. at ¶¶ 7-9.) As a result of the accident, plaintiff claims that she:

> [s]uffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and [p]laintiff will suffer the losses in the future.

(Doc. #2, ¶9.) Plaintiff properly served defendant with process on July 31, 2007. (Docs. #1, 2.)

Believing - correctly, as it turns out - that the pre-suit settlement demand was mere posturing, defendant began its attempt to determine whether the amount of damages suffered by plaintiff exceeded the federal jurisdictional amount. Defendant submitted a Request for Admissions to plaintiff on September 24, 2007, asking her to "[a]dmit [she was] seeking damages in an amount in excess of $75,000.00, exclusive of interests and costs." (Doc. #14, p. 1.) When plaintiff failed to respond to the Request, defendant faxed a

letter to plaintiff on October 30, 2007 asking for a response within ten days. (Id.) Receiving no response, defendant filed a Motion to Compel on November 24, 2007. On January 9, 2008, plaintiff responded to the Request for Admissions, stating that "[p]laintiff has made a reasonable inquiry and cannot admit or deny as discovery and her treatment is [sic] continuing." (Id. at p. 2.)

On January 14, 2008, defendant faxed a second letter to plaintiff, asking her to either admit or deny the Request within ten days. Plaintiff failed to respond, prompting defendant to file another Motion to Compel on January 28, 2008. (Id.) A hearing on defendant's second Motion to Compel was held in state court on February 18, 2008. Plaintiff's counsel advised the state court judge that he indeed had not filed a response to the Request for Admissions within thirty days, and that his reading of the rule was that the Request is deemed admitted after thirty days because of the failure to respond. (Doc. #14-2, pp. 3, 16.) Plaintiff's counsel stated that he did not respond within the thirty days because defendant wanted to remove the case to federal court. (Id. at p. 16.) The state judge was concerned about the fact that plaintiff's counsel had responded to the Request for Admissions, albeit after the expiration of the thirty days (id. at pp. 16-20), but determined that the Request was deemed admitted as of the due date of the response to the Request of Admissions, i.e., October

29, 2007. The State Court issued an Order to that effect on February 28, 2008. (Doc. #14, p. 2.)

On March 14, 2008, defendant filed a Notice of Removal (Doc. #1) to this Court on the basis of diversity jurisdiction, purportedly "within 30 days of the first 'order or other paper' from which [defendant] could ascertain this [wa]s a case that ha[d] become removable." (Doc. #1, pp. 2, 3.) Plaintiff now seeks to remand the case to state court, raising the alleged untimeliness of defendant's Notice of Removal. (Doc. #6.)

**II.**

"Removal of state court actions to federal court involves both jurisdictional and procedural considerations." Lowery v. Alabama Power Co., 483 F.3d 1184, 1194 (11th Cir. 2007). As to jurisdiction, a state court action may be removed to a federal court if it is a "civil action . . . of which the district courts of the United States have original jurisdiction," unless Congress expressly provides otherwise. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., 200 F.3d 753, 755 (11th Cir. 2000). Such original jurisdiction includes diversity jurisdiction, which requires that the parties be citizens of different states and that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In this case it is not contested that there is complete diversity of citizenship. Additionally, the state court has determined, based

upon the deemed admission, that the amount in controversy exceeds the $75,000 federal jurisdictional amount. Thus, the jurisdictional considerations in this case are satisfied, leaving only the procedural issue of the timeliness of defendant's removal.

### III.

A defendant must remove a state case within thirty days of receiving a document that provides the basis for removal. Lowery, 483 F.3d at 1212-13. This thirty day period begins either upon receipt of the initial pleading or summons setting forth a claim which is removable, or for cases which later become removable, upon "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, . . ." 28 U.S.C. § 1446(b); Lowery, id. It is clear that the case was not removable to federal court based on the initial pleading, since there was no indication in the Complaint that the amount in controversy exceeded $75,000.

While not disagreeing with this proposition, the parties disagree as to when the case did become removable. Plaintiff asserts that the thirty-day period started on October 29, 2007, which is the expiration of her time to respond to the Request for Admission and that date that the Request was deemed admitted by virtue of her non-response. Defendant, on the other hand, asserts that the thirty-day removal period began on February 28, 2008, when the state judge filed his Order finding that the Request for

Admission was deemed admitted as of October 27, 2007. The Court concludes that defendant is correct.

The Eleventh Circuit has held that under the second paragraph of § 1446(b) a case becomes removable when three conditions are present: there must be (1) "an amended pleading, motion, order or other paper," which (2) "the defendant must have received from the plaintiff (or from the court, if the document is an order)," and from which (3) "the defendant can 'first ascertain' that federal jurisdiction exists." Lowery, 483 F.3d at 1215 n.63. None of these requirements are satisfied in this case.

In order to trigger the thirty-day period for removal, "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." Id. The mere expiration of plaintiff's time to respond to a Request for Admission does not satisfy the first requirement because plaintiff's failure to do anything is not "an amended pleading, motion, order or other paper." Similarly, the second requirement is not satisfied because plaintiff's non-action is not something received by defendant from plaintiff.

Finally, the third element is not satisfied because plaintiff's non-action does not allow a defendant to ascertain that federal jurisdiction exists. Where, as here, a plaintiff has made an unspecified demand for damages in her Complaint, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000

jurisdictional requirement. Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002). However, "a removing defendant's counsel is bound by Rule 11 to file a notice of removal only when counsel can do so in good faith." Lowery, 483 F.3d at 1215 n.63.[1] Given plaintiff's counsel's conduct, no attorney for defendant could file a notice of removal until after the state court order. Plaintiff's counsel made a pre-suit demand of $750,000, then failed to respond to a Request for Admission that the damages exceeded $75,000. Plaintiff's counsel told the state court that he had intentionally let this time pass, and asserted that the Request for Admission was deemed admitted after thirty days. Despite this position, plaintiff's counsel had made a belated response in which he disclaimed the ability to answer the admission. Plaintiff's counsel's conduct was, at best, unreliable, and could not form the basis for a reasonable attorney to conclude that the amount of damages was in excess of $75,000. The Court concludes that the February 28, 2008 Order was the first "order or other paper" from

---

[1] The Eleventh Circuit stated, "[t]o the extent the defendant does obtain knowledge of the claim['s] value, it will generally come from the plaintiff herself in the form of information in an 'other paper.' . . . This is so because a plaintiff who has chosen to file her case in state court will generally wish to remain beyond the reach of federal jurisdiction, and as a result, she will not assign a specific amount to the damages sought in her complaint. In such a case, like the case before us, the defendant would need an 'other paper' to provide the grounds for removal under the second paragraph of § 1446(b). In the absence of such a document, the defendant's appraisal of the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith." Id.

which it could be ascertained that the case was removable, pursuant to the second paragraph of § 1446(b).  As defendant's Notice of Removal was filed on March 14, 2008, within thirty days of the Circuit Court's Order, and within one year of the commencement of the case, the Court finds that removal was timely.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Remand to State Court (Doc. #6) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of April, 2008.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record
DCCD

-8-